**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 13-cv-01372-RM-MJW

USA,

      Plaintiff,

v.

GLENDORA R. RYE,

      Defendant.

---

## ORDER RE: APPOINTMENT AND ENTRY OF JUDGMENT

      Before the Court is Plaintiff's Motion for Default Judgment (ECF No. 16), Defendant's

Request for Court Appointed Counsel and Offset Motion for Default Judgment (ECF No. 18),

and Plaintiff's Response to Defendant's Motion to Set Aside Entry of Default (ECF No. 21).

This Court has jurisdiction pursuant to 28 U.S.C. § 1345.  After consideration of the motions, all

related pleadings, and the case file, Defendant's Request for Court Appointed Counsel is

GRANTED, and Defendant's Request to Offset is, as set forth below, interpreted as a motion to

set aside the entry of default, is GRANTED only as to that limited relief.

### A.  Legal Standard

      Defendant's motion is properly considered by Fed. R. Civ. P. 55(c), which provides in

pertinent part: "For good cause shown the court may set aside an entry of default."  *See*

*Resolution Trust*, 746 F.Supp. at 37.  "Generally, a motion under Rule 55(c) will be granted only

after a defendant has shown that he has a meritorious defense to the action.  The underlying

concern is to determine whether there is some possibility that the outcome of the suit after a full

trial will be contrary to the result achieved by the default."  *Id.*, citing Wright, Miller & Kane, Federal Practice & Procedure, § 2697, at 525.

Defendant need not show a likelihood of success on the merits.  Rather, Defendant's averments need only plausibly suggest the existence of facts which, if proven at trial, would constitute a cognizable defense. *Crutcher v. Coleman*, 205 F.R.D. 581, 585 (D. Kan. 2001).  The Court also looks to see if there is prejudice caused to Plaintiff for Defendant's failure to timely respond to a Complaint.  *Id.*, at 586.

### B.  Factual Background

Plaintiff the United States ("Plaintiff") filed a Complaint against Defendant Glendora R. Rye ("Defendant") on May 28, 2013.  The Complaint seeks "declaratory relief, ejectment of [Defendant] from property owned by the United States, and damages from Defendant for past rent owed to the United States." (ECF No. 1 at 1.)  Defendant's deadline to answer or otherwise respond to the Complaint was July 30, 2013.  Defendant did not and has not filed an Answer to the Complaint.  The Magistrate Judge assigned to this case, Judge Watanabe, set a Scheduling Conference (ECF No. 7), but it was rescheduled on Plaintiff's motion, which stated that "the United States and Ms. Rye have been actively trying to settle this case" and that the parties had "reached an agreement in principle." (ECF No. 8 at 2.)  A settlement agreement was drafted, and according to Plaintiff, Defendant agreed to sign it, but did not do so, and since that time, according to Plaintiff, "the United States has had great difficulty contacting Ms. Rye." *Id.*

On July 31, 2013, after the deadline for Defendant to answer the Complaint had passed, Plaintiff filed a Motion for Entry of Default "for the Defendant's failure to plead or otherwise defend this civil action." (ECF No. 12 at 2.)  The Clerk of the Court filed an Entry of Default on August 5, 2013.  (ECF No. 14.)  On August 8, 2013, Plaintiff filed the instant Motion for Entry

of Default Judgment.  (ECF No. 16.)  Defendant responded by filing a document with the court

entitled "Request for Court Appointed Counsel  Request To Offset Motion for Default

Judgment."  (ECF No. 18.)  Defendant, who is appearing pro se, detailed her health condition in

that document, and also said that she believed that she had already reached settlement with

Plaintiff in this case.  *Id*. at 1.  She also said that it was her understanding that she would meet

with opposing counsel on September 18, 2013 to "resolve the issues with [Defendant's] home."

*Id*. at 2.  She also updated her legal mailing address and phone number with the Court in that

filing.  *Id*. at 3.  Plaintiff filed a response, saying it "does not oppose the Defendant's Motion"

since "the United States has discovered it inadvertently failed to include a summons among the

documents it personally served on the Defendant." (ECF No. 21 at 1.)

### C.  Order

Given the statements of both parties, as detailed above, that service was improper, and

that a settlement in principle was already reached in this case, the Court ORDERS that the entry

of default be set aside.  The Court notes that there is a Scheduling Conference scheduled in this

case in front of Magistrate Judge Watanabe on September 25, 2013.  The Court further rules as

follows below.

In accordance with Part III.C. of the U.S. District Court's ***Pilot Program to Implement A***

***Civil Pro Bono Panel***, the Court hereby determines that Defendant merits appointment of

counsel drawn from the Civil Pro Bono Panel.  The Court is satisfied that the following factors

and considerations have been met:

1) the nature and complexity of the action;

2) the potential merit of the pro se party's claims;

3) the demonstrated inability of the pro se party to retain counsel by other means; and

4) the degree to which the interests of justice will be served by appointment of counsel, including the benefit the Court may derive from the assistance of the appointed counsel.

Accordingly, it is ORDERED that the Clerk shall select, notify, and appoint counsel to represent the pro se litigant in this civil matter.

DATED this 29th day of August, 2013.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge